```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X     NOT FOR PUBLICATION
DAVID J. SAFRAN,

                                Petitioner,                     MEMORANDUM
                                                                AND ORDER
                -against-
                                                                13-CV-4060 (PKC)
SUPERINTENDENT OF GOUVERNEUR
CORRECTIONAL FACILITY,

                                Respondent.
----------------------------------------------------------X
```

CHEN, United States District Judge:

Petitioner David J. Safran, appearing *pro se* and currently incarcerated at Gouverneur Correctional Facility, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. This petition was first filed in the Northern District of New York and transferred to this Court by order dated July 16, 2013. This Court grants petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule"), this Court has conducted an initial consideration of this petition. For the reasons set forth below, this Court dismisses the petition as duplicative and directs petitioner to file an amended petition within 30 days to identify the conviction he seeks to challenge.

## BACKGROUND

In February 2012, petitioner filed two petitions challenging his Suffolk and Queens County convictions. By order dated July 20, 2012, Judge Bianco consolidated petitioner's two petitions under No. 12 CV 599, notified petitioner that he must file separate petitions for each conviction and directed respondent to address only the Suffolk county conviction. See Safran v. Sheriff of Nassau Cnty., Nos. 12 CV 599, 12 CV 3296. By order dated March 1, 2013, Judge Bianco dismissed petitioner's challenge to his Suffolk County conviction, without prejudice, as petitioner had failed to exhaust his state court remedies. Id., No. 12 CV 599 (E.D.N.Y. Mar. 1, 2013).

In August 2012, petitioner filed a petition seeking to challenge his Queens County conviction under Indictment No. 00926-2011. See Safran v. Dep't of Corr. & Cmty. Supervision, No. 12 CV 4160. Currently, petitioner's challenge to his Queens County conviction under Indictment No. 00926-2011 is pending before this Court. Respondent has moved to dismiss the petition.

On July 16, 2013, petitioner filed this petition in the Northern District of New York challenging his custody pursuant to 28 U.S.C. § 2254, but he does not clearly identify the conviction he seeks to challenge. Instead, petitioner cites to both his Suffolk and Queens County convictions. This Court takes judicial notice of petitioner's incarceration in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), under Department Identification Number ("DIN") 11-A-4386, on a Suffolk county conviction for two counts of criminal possession of a forged instrument in the second degree with a sentence of two to four years. See http://nydoccslookup.doccs.ny.gov (last visited July 18, 2013).

## DISCUSSION

Pursuant to Habeas Rule 2(e), a "petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Based on the prior order issued by Judge Bianco, petitioner is aware that he cannot challenge both the Suffolk County and Queens County convictions in one petition. Here, it is unclear whether this petition seeks to challenge the Suffolk or Queens County conviction. This Court, however, shall address this petition only to the extent it appears to challenge his Queens County conviction under Indictment No. 00926-2011.

If petitioner seeks to challenge the Queens County conviction that is the subject of No. 12 CV 4160 and he does not seek to amend that petition, this petition is duplicative. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (noting that in exercising this discretion, federal courts are required to "consider the equities of the situation"). This policy protects judicial resources against the abuse of vexatious litigation and fosters the "comprehensive disposition" of disputes." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Because this petition is unclear and seeks to challenge separate state court convictions and does not appear to provide any new information, no useful purpose would be served by proceeding with this case as currently presented.

To the extent petitioner seeks to challenge a new or different conviction, he must file an amended petition as set forth below. If petitioner seeks to challenge his Suffolk County conviction, he must file a separate petition clearly identifying that conviction as the subject of the petition as set forth above. See Habeas Rule 2.

## CONCLUSION

Accordingly, this Court dismisses this petition to the extent it seeks to challenge the Queens County conviction under Indictment No. 00926-2011 without prejudice to the litigation pending under No. 12 CV 4160.

If petitioner seeks to challenge a different conviction, he must amend this petition within 30 days from entry of this Order. Petitioner must complete this Court's form petition for challenges to state custody pursuant to 28 U.S.C. § 2254 and include information concerning the conviction he seeks to challenge (such as the name of the state court, the date of conviction and sentence, a

3

description of the crimes, his plea, etc.), what steps he has taken to challenge the conviction in the state courts, and the federal constitutional grounds for challenging the conviction. The petition must be titled "AMENDED PETITION" and must include the docket number No. 13 CV 4060.

If petitioner fails to file an amended petition as directed, this petition shall be dismissed without prejudice to the litigation pending before this Court under No. 12 CV 4160. If an amended petition is filed within 30 days, petitioner's submission shall be reviewed pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(d). Petitioner is advised that he must file a new and separate petition if he seeks to challenge his prior Suffolk County conviction discussed above.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order.

The Clerk of Court is respectfully directed to send a copy of this Order along with a form petition under 28 U.S.C. § 2254 to petitioner and to note such service on the docket.

SO ORDERED.

    /s/ Pamela K. Chen
    Pamela K. Chen
    United States District Judge

Dated: July 30, 2013
       Brooklyn, New York